UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Brown, #301990, | C/A No. 8:10-717-CMC-BHH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Florence Mauney, Associate Warden; and Michael McCall, Head Warden, | |
| Defendants. | |

The plaintiff, Mario Brown ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Liberally construed, Plaintiff claims that the defendants violated his constitutional rights to access to the courts, to be free from cruel and unusual punishment, and to be free from double jeopardy. Plaintiff seeks certain injunctive relief and $100,000.00 money damages. The complaint should be dismissed for failure to state a claim on which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the

complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that on October 23, 2008, he was transferred to Perry Correctional Institution from the Broad River Correctional Institution and that he had an extraordinary amount of disciplinary detention time ("D.D. time") to serve into the year 2014. Defendant Mauney allegedly offered Plaintiff a deal that if Plaintiff could have six months of

3

disciplinary free time he would be released into the general population and the remainder of the D.D. time would be dismissed. Plaintiff alleges that he accepted the deal and satisfied his conditions such that he was released into the general population for good behavior on May 18, 2009. Plaintiff alleges that while he was in the general population he was charged with a weapon charge but that he "beat the disciplinary charge in D.H.O. hearing." Plaintiff alleges that he gave the defendants some valuable information about four other inmates who were about to commit "a major security breach." The matter was investigated, and Plaintiff alleges that the four other inmates were released into the general population but that his "old disciplinary detention time was reinstated" and he was kept in disciplinary detention. Plaintiff alleges that he was advised that the Perry administration despises snitches and that he was sent to "lock-up" for being a snitch (telling on other inmates). Plaintiff alleges that his D.D. time was reinstated for no reason at all and that he is being punished "for no purpose at all" and "for absolutely nothing." Plaintiff also alleges that he was stripped of his personal property and placed in a "security strip cell and falsely accused for flooding out my cell when really the main plumbing drain was back-up and 9 or 10 cells toilets (sic) was backed up. But I was falsely accused for this matter." Plaintiff alleges that L.T. Golden has written him up for frivolous and minor charges and that Golden has been harassing Plaintiff "for Warden Mauney and Warden McCall."

Plaintiff also alleges that he could not receive legal materials to "write this civil suit package" because he was instructed that he needed to show a court deadline in order to obtain legal materials. Plaintiff alleges that this conduct has deprived him of access to the courts. Plaintiff further complains that defendant Mauney has lied to him about which other institutions and SCDC programs Plaintiff may be eligible to attend. Plaintiff alleges that

4

defendant Mauney advised Plaintiff that "they were working on sending me to the I.C.S. program and that know (sic) other yard wants to except (sic) me." However, Plaintiff allegedly later learned from his counselor that Plaintiff did not qualify for the I.C.S. program and that "the warden lied to me."

Plaintiff seeks injunctive relief to be immediately separated from the two defendants. Plaintiff seeks $100,000.00 "for the mental stress of double jeopardy on lock-up" and for "harassment and discrimination" due to his telling valuable information to the prison officials. Plaintiff alleges that he is suffering mental stress and has "started back mutilating myself."

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, although Plaintiff alleges certain facts related to how he has been wronged by the defendants and Plaintiff alleges that certain of his constitutional rights were violated, the claims for relief are not plausible. Although this court must liberally construe the *pro se* complaint and a plaintiff is not required to plead facts sufficient to prove

his case as an evidentiary matter in the complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).

First, as to the denial of access to the courts claim, Plaintiff seems to allege that the defendants are personally responsible for Plaintiff's not receiving legal materials and for the alleged policy that he had to demonstrate a court deadline. Obviously, it cannot be disputed that Plaintiff was able to file this lawsuit. There is no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008). It is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial. *Id.* at 349-353 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how a pending legal case, or any other legal matter, has been adversely affected due to his denial of access to legal materials, and, therefore, Plaintiff has failed to state a cognizable claim.

Secondly, Plaintiff may be claiming that it is cruel and unusual punishment to send him back to lock-up or disciplinary detention time after the remaining disciplinary detention

time should have been dismissed. Also, Plaintiff complains that he wants to be transferred away from Perry Correctional Institution. However, there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *Cf. Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (finding that South Carolina state law does not limit the discretion of prison officials' utilizing administrative segregation). Here, since Plaintiff was committed to the custody of the South Carolina Department of Corrections, the choices of where and how Plaintiff is to be confined are to be determined by the South Carolina Department of Corrections without interference by the federal courts. Therefore, even

though Plaintiff desires a transfer away from Perry Correctional Institution or if Plaintiff has been placed in lock-up after *he believed* that he did not have any remaining disciplinary detention time to serve, the Eighth Amendment is not implicated by the defendants' decision of where to place Plaintiff.

This court recognizes that the due process clause protects a prisoner from being arbitrarily punished. *See Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (finding that due process protects individuals against arbitrary action of government). However, Plaintiff's factual allegations reveal that Plaintiff was charged with flooding his cell and other cells (falsely charged accordingly to Plaintiff).[3] Thus, there is no plausible claim that the defendants arbitrarily punished Plaintiff because even if it is ultimately determined within SCDC that Plaintiff should not be placed in lock-up and/or if Plaintiff is ultimately not convicted for the flooding of the cells the defendants still had a reason for placing Plaintiff in lock-up. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (stating that a claim must contain sufficient factual matter to be plausible). Even liberally construed, Plaintiff does not raise any *Wolff* procedural safeguards issues related to his disciplinary detention time being reinstated. *See Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (finding that due process protects individuals against arbitrary action of government). To find an alleged *Wolff* violation from this complaint would be to "conjure up" a question never presented to this court. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[3] The court is mindful that a *pro se* litigant's complaint should not be dismissed *sua sponte* unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007). Here, the court is not resolving a dispute in fact.

Additionally, Plaintiff alleges that his right to be free from double jeopardy was violated when the defendants sent him back to disciplinary detention time after his remaining disciplinary detention time should have been dismissed. The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall ... be subject for the same offence to be twice put in jeopardy of life or limb ..." *See United States v. Ayala*, – F.3d –, 2010 WL 1409417 at *5 (4th Cir. April 8, 2010); *Lewis v. Pettiford*, No. 6:06-1061-GRA-WMC, 2007 WL 542735 (D.S.C. Feb. 16, 2007) (noting that the clause protects against multiple punishments for the same offense). However, Plaintiff is misguided in his attempt to invoke the Double Jeopardy Clause because it is not implicated by internal prison disciplinary actions. *See Lewis v. Pettiford*, No. 6:06-1061-GRA-WMC, 2007 WL 542735 at **8-9 (D.S.C. Feb. 16, 2007); *Anderson v. Padula*, No. 0:05-3029-PMD-BM, 2006 WL 1075003 at *4 (D.S.C. April 19, 2006) (noting that the double jeopardy clause does not cover prison disciplinary sanctions).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process for failure to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                           s/Bruce Howe Hendricks
                                                           United States Magistrate Judge

April 15, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

Post Office Box 10768

Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).